(89 App. Div. 415.)

## McKENZIE v. WADDELL COAL CO.

(Supreme Court, Appellate Division, Second Department.   December 30, 1903.)

1. NEGLIGENCE—ACCIDENTAL INJURY—LIABILITY.
   Where the unloading of coal from a wagon box which had been hoisted from the wheels caused it to fall on an iron cogwheel, break it, and cast off a part, which, flying through the air, struck a pedestrian on the street, the injury was not a reasonable and probable result which ought to have been foreseen in the exercise of due prudence, or for which there is any liability.
   Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by George J. McKenzie against the Waddell Coal Company. From a judgment in favor of defendant and an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Charles Caldwell, for appellant.

L. Sidney Carrere (Edward P. Mowton, on the brief), for respondent.

JENKS, J.   The action is for negligence, and this appeal is from judgment entered upon a dismissal of the complaint at trial term and from an order denying a motion for a new trial.   I am of opinion that the case falls within the rule that negligence is not imputable to an accident not "a reasonable, natural, and probable result" under the circumstances, "which ought to have been foreseen by the defendant in the exercise of due prudence."   Dougan v. Champlain Transportation Co., 56 N. Y. 1; Loftus v. Union Ferry Co., 84 N. Y. 455, 38 Am. Rep. 533; Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858, 58 Am. Rep. 522; McGrell v. Buffalo Office Building Co., 153 N. Y. 265, 47 N. E. 305; Ayres v. Rochester Railway Co., 156 N. Y. 104, 50 N. E. 960; Thomp. Com. on Neg. vol. 1, § 28 et seq.; Beven on Neg. p. 105.   The last-named author well states the rule as given by Pollock, C. B., in Greenland v. Chaplin, 5 Ex. 243: "That a person is expected to guard against and anticipate all reasonable consequences, but that he is not by the law of England expected to anticipate and guard against that which no reasonable man would expect to occur."   In Glasier v. Town of Hebron, 131 N. Y. 447, 30 N. E. 239, Peckham, J., tersely states the principle: "It was not an accident of a character which was likely to happen, and there was no negligence in failing to guard against a very unlikely possibility." Of course, it is not essential to liability that the contemplation or anticipation should be of the particular consequences, but nevertheless the accident must be of such a nature "as might be reasonably apprehended" from the failure to take the precaution in question. Lilly v. N. Y. C. & H. R. R. R. Co., 107 N. Y. 566, 575, 14 N. E. 503. The plaintiff was a traveler on the street of the city of New York. The defendant was delivering coal from its wagon, standing in the street, to a customer living in an abutting house.   The box of the

wagon had been raised from its wheels by hoisting gear. The unloading of the coal disturbed the equilibrium of the box so that it came down with a "kick or jump" upon the iron cogweel, broke it, and cast off a part of it, which, flying through the air as a missile, struck and injured the plaintiff. The plaintiff does not complain that the wagon was not of an approved standard, or that it or any part was defective or was out of repair. On the other hand, it appears that it was of a kind in common use, and that it had been turned out new by reputable manufacturers about six months before the accident. The theory of the plaintiff is that the defendant should have tied down the other end of the box by a rope in order to prevent a tilt when the weight was shifted in consequence of the delivery of a part of the load. There was no place or provision made in the wagon for any such appliance, but it is contended that a rope to prevent such tipping was frequently used by cartmen. Even if this be so, I think that the defendant was not liable in failing thus to guard against the "unlikely possibility" that a shift of the load might cause the box to fall upon the body of the wagon, and so fall as to break a part of its machinery, and also thereupon to generate such force as to cause a piece of such machinery to become a projectile fraught with danger to a passer-by, or one akin to him. Though this kind of wagon had been in use six or eight years, it does not appear that any accident of this nature ever happened before. Of plaintiff's witnesses, Wood, who was called as an expert of 18 years practical experience, alone testified to the point. But he testified to nothing stronger than that he had known cogwheels to break; and even this statement, when particularized, was, "I have broken one myself, and I have seen another cogwheel break beside the one I describe." It is to be noted that even this evidence only extends to the break of a cogwheel. Defendant's witness Case, on cross-examination stated that in all his experience this was the only cogwheel that had ever been broken by the fall or coming down of the truck.

I think that Marean, J., made a proper disposition of the case, and that the judgment and order should be affirmed, with costs. All concur, except HOOKER, J., who dissents.