### BORSUK v. BLAUNER.

(Supreme Court, Appellate Division, First Department. April 22, 1904.)

1. PLEADINGS—ANSWER—INDEFINITE AND UNCERTAIN.

Where the complaint in an action on a written contract sets out the contract in full as an exhibit, an answer admitting that defendant entered into a contract which he believes to be the contract referred to in the complaint, and asking leave to have produced on the trial the original contract, to which he refers for the provisions thereof, and denying the allegations of the complaint with respect to the contract, except as so admitted, is indefinite for failing to admit or deny the contract as

pleaded, and defendant should be required, on plaintiff's motion, to plead by admission or denial to the contract set forth.

**2. SAME—MOTION TO MAKE DEFINITE AND CERTAIN.**

Under Code Civ. Proc. § 798, providing that, where an adverse party has a specified time after service in which to do an act, the time allowed shall be double the time specified, if service of the paper requiring action of the adverse party is made through the post office, and Gen. Rules Prac. No. 22, requiring a motion to compel defendant to make his answer more definite and certain, to be made within 20 days from the service of the answer, plaintiff has 40 days within which to make his motion to compel defendant to make his answer more definite and certain, where the answer was served through the post office.

Appeal from Special Term, New York County.

Action by Max Borsuk against Jacob Blauner. From an order denying a motion to compel defendant to make his answer more definite and certain, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George J. Gruenberg, for appellant.
Max D. Steuer, for respondent.

PATTERSON, J. This action was brought upon an agreement in writing for the sale by the defendant and the purchase by the plaintiff of real estate in New York City. The agreement purports to have been made on the 29th of June, 1903. The plaintiff alleges that he paid a thousand dollars of the purchase money the day the contract was signed. Performance was to be made on the 3d of August, 1903, at which time the plaintiff avers he offered to perform by tendering the balance of the purchase money and demanding a deed. He asserts that the defendant refused to comply, the allegation of the complaint being that the defendant was not able to convey a good and marketable title to the premises. The plaintiff spent some money in examining the title, and he brought this suit to recover back the thousand dollars and the money paid for examining the title, and asked that the amount of his outlay be made a lien upon the land, and that the premises be sold to pay it. The alleged contract is set out in full as an exhibit, forming part of the complaint and of the first paragraph of that pleading which refers to the making of the contract. The defendant, answering, admitted that he entered into a contract, which he believes to be the contract referred to in the complaint, and asks leave to have produced upon the trial the original of the contract, to which he refers for the terms and provisions thereof; and, except as so admitted, he denies the allegations of the complaint with respect to the contract. The defendant admits that he received the thousand dollars, but sets up that he was at all times ready and willing to perform all the conditions of the contract and convey the property; and, for a separate defense, that he tendered a good title, and that the only objection the plaintiff made was that the premises were subject to easements, and that the plaintiff did not claim that he did not contract to take the property subject to these easements. The answer also sets up that, if the premises were subject to easements, the plaintiff had full knowledge of them, and consented to take the property subject to them. Upon this answer the plaintiff

moved to make it definite and certain in several respects, particularly, first, to require the defendant to state which of the allegations of the first paragraph of the complaint are denied or admitted; second, to state whether the allegation of the complaint, that the plaintiff and the defendant entered into the agreement set forth in the complaint, is admitted or denied by the defendant. The answer is not sufficiently definite, and it cannot be determined from it whether the defendant admits or denies the contract as pleaded. There is no denial conforming to the requirements of the Code of Civil Procedure.

The order appealed from is correct, except as to the failure to require the defendant to plead by admission or denial to the contract set forth in the complaint, as being that entered into between the parties. The answer is quite indefinite as to whether the contract is admitted or denied.

There is a point of practice involved in the motion. Under rule 22 of the general rules of practice, this motion should have been made within 20 days from the service of the answer. Brooks v. Hanchett, 36 Hun, 71. It was not so made; but that rule does not apply here, because section 798 of the Code of Civil Procedure provides that where a notice must be given or a paper served within a specified time, before an act is to be done, or where the adverse party has a specified time after notice or service within which to do an act, if service of the paper requiring action of the adverse party is made through the post office, the time required or allowed is double the time specified. This answer was served through the post office, and the plaintiff insists that that gave him the right to double time within which to make this motion. His position is well taken, and the motion was made in due time.

The order must be modified as above suggested, with costs of this appeal to the appellant. All concur.