(96 App. Div. 40.)

### KOSZLOWSKI v. AMERICAN LOCOMOTIVE CO.

(Supreme Court, Appellate Division, Third Department.    June 30, 1904.)

1. MASTER AND SERVANT—SAFE PLACE TO WORK—SOURCE OF DANGER—NEGLIGENCE OF FELLOW SERVANT.

A master does not fail in his duty to furnish a servant a safe place to work where the place becomes dangerous only by reason of the carelessness of a fellow servant.

2. SAME—FELLOW SERVANTS—ACTIONS FOR INJURIES—SUBMISSION TO JURY.

In an action for servant's injuries, where there was nothing to indicate that the fellow servant through whose negligence the injury was caused was anything but a fellow servant, it was error to leave the question of whether he was a fellow servant or not to the jury.

3. SAME—FELLOW SERVANTS—WHO ARE.

A servant whose ordinary duties were to make repairs about the shops of his employer, and who, in the ordinary progress of the work in the shops, was called upon to repair a crane in one of them, not for the purpose of making the shop safe, but in order to carry on the usual work of the shop, was, while engaged in repairing the crane, although usually employed in another shop, a fellow servant with a common laborer working in the shop.

4. SAME—PROMULGATION OF RULES—DUTY OF MASTER.

A master is not liable for not promulgating rules and regulations for the protection of his employés, unless it appears from the evidence that some rules or regulations were practicable, and, if observed, would have afforded reasonable protection to the employés.

5. SAME—DESIRABILITY OF RULES—EVIDENCE—NECESSITY.

In an action for injuries to a servant a jury cannot assume that some rule which occurs to them as desirable would be practicable, and would have prevented the injury, unless it is shown that other companies have adopted and used such rule, or, in some other way, that experience or practical use has proven its efficiency.

6. SAME—NEGLIGENCE—FAILURE TO MAKE PARTICULAR RULE.

A master is not negligent for failing to promulgate a particular rule, unless he should have foreseen and anticipated the necessity for the rule, and that it was a practicable and beneficial rule.

7. SAME.

A master cannot be held negligent for failure to promulgate rules because some rule would, in the judgment of the jury, have averted the accident.

Appeal from Trial Term.

Action by John Koszlowski against the American Locomotive Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

The plaintiff was working for the defendant as a common laborer in the "erecting shop" of its locomotive works at Schenectady, N. Y. In this room were several cranes, used for lifting and handling the heavy parts of a locomotive when they were being put together. These cranes were some 30 or 40 feet above the floor of the room, and traveled on two parallel tracks running on each side of the building. A part of the construction of these cranes consisted of what is called a "trip rod." It is an upright iron or steel rod, about 1¾ inches in diameter and 6 feet long, weighing 45 or 50 pounds. It leads through two bearings, and appears to be held in place by set screws. On the night of December 4, 1902, it was found that the crane would not work. A man named Prunier was sent from the repair shop to repair it. On going up onto it he

¶ 4. See Master and Servant, vol. 34, Cent. Dig. § 283.

found that this trip rod had been bent, and he was obliged to straighten it as best he could, so that it would slide through the bearings and could be taken from the crane and perfectly repaired. In taking it out of its place, after straightening with a maul, he loosened the set screws, lay down on his stomach on the crane, and, holding the rod in his hand, let it slip through the bearings, and, thus freeing it from its place in the crane, he held it by the end for a moment, and, upon signal from some one below, let it drop to the floor. While Prunier was loosening this rod and getting ready to drop it, the plaintiff and others of the gang of laborers with whom he was working stood about waiting an opportunity to use the crane. It seems that at the time Prunier let go of the rod the plaintiff stood some 25 or 30 feet from the spot where the rod would have struck had it fallen perpendicularly to the floor; but on its way down the rod struck the flange of an iron girder, and was thereby so deflected that it struck the plaintiff where he was standing, and seriously injured him. He brings this action against the defendant to recover for injuries so sustained. The jury gave him a verdict of $1,500, and from the judgment entered thereon, and from an order denying a new trial on the minutes, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Alonzo P. Strong, for appellant.
Frank Cooper (T. F. Hamilton, of counsel), for respondent.

PARKER, P. J. In its charge the court substantially instructed the jury, among other things, that as matter of law it was the duty of the defendant to furnish a reasonably safe and proper place for the plaintiff to work in, and instructed them that the important question in the case for them to determine was whether the defendant had done so—that is, "whether or not the defendant kept this place where the plaintiff worked reasonably safe and secure from accidents of this sort; and you are to judge and determine that question." Inasmuch as there is no evidence or claim whatever that the shop where the plaintiff was required to work was unsafe in any respect save as it was made so by the act of Prunier's dropping the rod from above, it is clear that such rule had no application to the facts of this case. A master does not fail in the duty which the rule imposes when the place becomes dangerous only by reason of the carelessness of a fellow servant. Hussey v. Coger, 112 N. Y. 614, 20 N. E. 556, 3 L. R. A. 559, 8 Am. St. Rep. 787; Peet v. Remington & Son Pulp & Paper Co., 86 App. Div. 101, 105, 83 N. Y. Supp. 524; Ludlow v. Groton Bridge Co., 11 App. Div. 452, 42 N. Y. Supp. 343; Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021. Such a charge gave the jury an erroneous rule of law to apply to the facts of this case.

The court further instructed the jury, in substance, that if Prunier, who dropped the iron rod, or the night boss of the gang with which the plaintiff was at work, were mere co-employés with the plaintiff, then the defendant was not liable for the negligent act of either; but if either of them was not a co-servant with the plaintiff—if they were "mere servants doing different kinds of work" —that then the defendant was liable for the negligent act of either; and that it was a question for the jury to determine whether or not they were such co-employés. And in this connection the court al-

so refused to charge "that Prunier, while repairing the crane and in detaching or dropping the bar or bolt in question, was a co-servant of the plaintiff." It also refused to charge that Prunier, while so repairing the crane, was in the same general service of the defendant as was the plaintiff. It also refused to charge that defendant was not chargeable for Prunier's negligent act in detaching or dropping the rod on the ground that he was at the time engaged in a different kind of work from that in which the plaintiff was engaged, or for which he was employed by defendant. Thus the court distinctly left it to the jury to determine whether Prunier or the boss were co-employés with the plaintiff, and even gave them to understand that, if they believed Prunier was engaged in a different kind of work from the plaintiff, he might be considered as not a co-employé. And very naturally the jury would find a verdict for the plaintiff upon such a charge if they concluded that Prunier was negligent in dropping the rod, and that he was not a co-employé of the plaintiff, or even if he was engaged in another kind of work from that of the plaintiff. But it is clear from the evidence that Prunier was a mere co-employé with the plaintiff. There is not a fact in the case to indicate that he was anything else. And hence it was clear error to permit the jury to conclude otherwise; and hence it is more than probable that the jury have considered the defendant liable for whatever negligence they may have considered Prunier was guilty of. But for the negligent act of a co-servant the master is not liable, and hence it is probable that the verdict has been rendered upon an erroneous view of the law.

Prunier was none the less a co-servant because he was engaged in repairing the crane, nor because he was usually employed in another shop. Such work was a matter of detail, liable to become necessary at any time in the shop. It was not being performed for the purpose of making the shop safe, but was brought about by the ordinary progress of the work in the shop, and became necessary in order to carry on the usual work of the shop, and it was part of Prunier's ordinary duties to make such repairs. Byrnes v. Brooklyn Heights R. R. Co., 36 App. Div. 355, 55 N. Y. Supp. 269; Webber v. Piper, 109 N. Y. 496, 7 N. E. 216; Hussey v. Coger, 112 N. Y. 614, 20 N. E. 556, 3 L. R. A. 559, 8 Am. St. Rep. 787; Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017; Filbert v. Delaware & Hudson Canal Co., 121 N. Y. 207, 23 N. E. 1104.

The court further instructed the jury, in effect, that it was for them to determine whether or not, under all the circumstances of the case, it was necessary for the defendant to promulgate or adopt rules and regulations to provide for such occurrences as these, and whether or not, if such rules and regulations had been provided, this accident would have been averted. This instruction was equivalent to telling the jury that if they could think of any regulation that the defendant might have made, which, in their judgment, would have averted the accident, they might hold the defendant liable for the injury. Such is the only import that, in my judgment, can fairly be given to the language used. But a master may not be held liable for not promulgating rules and regulations for the

protection of his employés unless it appears from the evidence in the case that some rules or regulations were practicable, and, if observed, would give such reasonable protection. A jury may not assume that a rule which occurs to them as a desirable one would be practicable, and would have prevented the injury, unless it appears in evidence that other companies have adopted and used it, or in some other way that experience or practical use has proven its efficiency. Larow v. New York, Lake Erie & Western R. R. Co., 61 Hun, 11, 15, 15 N. Y. Supp. 384; Smith v. Lidgerwood Mfg. Co., 56 App. Div. 528, 530, 67 N. Y. Supp. 533. And so, also, the defendant should not be held negligent in not having promulgated any particular rule until it appears that it should have foreseen and anticipated the necessity for the rule, and that it was a practical and beneficial one. Morgan v. Hudson River Ore & Iron Co., 133 N. Y. 666, 31 N. E. 234. No evidence of any rule being used by any one else to regulate similar conditions was given, except in one instance of the General Electric Company; and, as I read the evidence, that rule was not promulgated until after this accident occurred. Moreover, the jury were not confined to the inquiry whether such a rule should have been adopted, but were allowed to hold the defendant negligent if any rule whatever would, in their judgment, have averted the accident. Within the cases above cited, such inquiry was much too broad, and not warranted by the law.

There are many other exceptions taken by the defendant's counsel which present very serious objections to sustaining this judgment, but the errors above pointed out require its reversal, and I do not further examine them.

Judgment and order reversed, and a new trial granted; costs to appellant to abide the event. All concur; SMITH and CHASE, JJ., in result.