or lose his right to maintain such an action." In that case it was held that the Code provisions in question are constitutional. In the view taken herein it is unnecessary to pass upon that question. The objection to the title was a valid one, and justified the respondents in refusing to complete the purchase. Wilhelm v. Federgreen, 2 App. Div. 483, 38 N. Y. Supp. 8, affirmed on opinion below 157 N. Y. 713, 53 N. E. 1133. It follows that the judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.

---

(97 App. Div. 56.)

### CHEYNE v. VAN BRUNT ST. & E. B. R. CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. CARRIERS—STREET RAILROADS—INJURIES TO PASSENGERS—NEGLIGENCE.

Where plaintiff, a passenger on a street car, was injured by being struck in the eye by the conductor's transfer punch, which fell from his pocket as he hurried through the car to readjust the trolley pole, the railway company was not liable therefor, since it was not a casualty which could reasonably have been anticipated or foreseen.

Appeal from Kings County Court.

Action by George Cheyne against the Van Brunt Street & Erie Basin Railroad Company. From a judgment dismissing the complaint at the close of plaintiff's evidence, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John J. Fitzgerald, for appellant.
James C. Cropsey, for respondent.

WILLARD BARTLETT, J. In this action the plaintiff seeks to hold the defendant corporation liable for the consequences of a novel and extraordinary accident. The plaintiff was a passenger upon one of the defendant's electric cars. As the car approached the terminus of the line, and was about to turn a corner at that point, the trolley pole came off the wire, and the conductor, who had been standing in the front of the car, with the door open, rushed back through the car to the rear platform. Something struck the plaintiff in the eye as the conductor passed. The plaintiff's eyeglasses dropped off, and in picking them up from the floor he noticed the punch which the conductor used for the perforation of transfer tickets lying at his feet. After adjusting the pole, the conductor came back in the car and picked up the punch. The plaintiff had previously seen the punch in the conductor's outside pocket, and, of course, the fair inference was, from all the facts, that it had fallen from the conductor's pocket while he was rushing through the car, and that it struck the plaintiff in the eye. The plaintiff's vision in one eye was seriously affected by reason of the injury thus received. While the occurrence was most lamentable, in view of its serious consequences to the injured passenger, I do not perceive any ground upon which the defendant can be held liable. Neither a common carrier nor any other party upon whom the law im-

poses the exercise of care in the discharge of duty is under a legal obligation to take precautions to guard against casualties which cannot reasonably be anticipated or foreseen. The leading cases in this state which support this doctrine were recently cited by Mr. Justice Jenks in McKenzie v. Waddell Coal Co., 89 App. Div. 415, 85 N. Y. Supp. 819, and it is not necessary to cite them again here. The exceptional character of the accident in this case is conceded by the learned counsel for the appellant himself in his brief, where he observes: "It cannot be said to be usual in the operation of street railroads for ticket punches to shoot from the person of the conductor dealing destruction and injury in their flight." We think it may safely be said to be so unusual that probably nothing of the kind ever occurred before. If this be true, what was there to lead the defendant corporation, through its officers and agents, to anticipate any danger to passengers from such a source? And, if they had no reason to apprehend a peril of this nature, can it be said that the corporation was guilty of negligence in failing to provide any safeguard against it? We think not.

None of the cases cited in the brief for the appellant bears any resemblance to the case at bar. Most of them arose out of the defective construction of the vehicles employed by common carriers, or the defective fastening of appliances therein. None of them tends to support the cause of action here even by the remotest analogy. It is suggested in the appellant's brief that the conductor's ticket punch should have been safely secured in some manner; but, even if this had been done, it would have to be held by a chain or cord sufficiently long for the conductor to use it, and it is not apparent that a fastening of this character would have prevented the accident. We are quite clear that the learned County Court judge was right in dismissing the complaint, and that the judgment should be affirmed.

Judgment of the County Court of Kings County affirmed, with costs. All concur.