GANGUZZA v. ANCHOR LINE (Henderson Bros.), Limited.

(Supreme Court, Appellate Division, Second Department. October 14, 1904.)

1. CARRIERS—STEAMSHIPS—INJURIES TO PASSENGERS—CARE REQUIRED.

Where a steerage passenger on an ocean steamship was injured by the parting of a wire rope used in hoisting ashes from the hold, while he was leaning against the jamb of a door leading to what was known as the "stokehole fidley," watching the hoisting of the ashes, and it was not usual for passengers to be in such position, plaintiff was not entitled to the exercise of the utmost human care, vigilance, and foresight to protect him, but was only entitled to the exercise of ordinary care to guard him from injury.

Appeal from Trial Term, Westchester County.

Action by Pietro Ganguzza against the Anchor Line (Henderson Bros.), Limited. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial on the merits, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Louis O. Van Doren, for appellant.

Henry G. Ward (Everett Masten, on the brief), for respondent.

HIRSCHBERG, P. J. The plaintiff, while a passenger in the steerage of one of the defendant's ocean steamships, was injured by the parting of a wire rope which was used in hoisting ashes from the hold to

dump into the sea. The place where the process of hoisting the ashes was carried on is known as the "stokehole fidley," supplied solely for the use of the crew, inclosed within iron walls, with two doorways left open in order to supply air to the firemen in the stokehole. A passageway leading past one of the doorways was accessible to the steerage passengers, and the plaintiff was standing there, leaning against the doorjamb, when the accident occurred, and was watching the hoisting of the ashes. The case was submitted to the jury in a charge which enjoined upon the defendant the exercise of only ordinary care as the measure of its duty, and an exception to a refusal to charge "that the defendant, being a common carrier of passengers for hire, was bound to exercise the utmost human care, vigilance, and foresight to protect the plaintiff, a passenger, from any injury from the machinery and appliances of the vessel, and from the management of the same," presents the only question for review.

The hoisting apparatus appears to have been of the kind commonly employed for the purpose, and there is nothing in the case tending to indicate that injury to the passengers was to have been reasonably apprehended from its use. While the proposition which the learned trial justice refused to charge is a correct one in the abstract, it is only so when applied to such of the machinery and appliances as constitute the operative means of transportation, wherein a defective construction or negligence in management would be likely to occasion danger to the passengers. It is not easy to apply the rule in all cases with accuracy, but the question generally is, as was said by Mr. Justice Jenks in Conway v. Brooklyn Heights R. R. Co., 82 App. Div. 516, 518, 81 N. Y. Supp. 878, 880, "whether * * * the accident resulted from a situation from which grave injury might have been expected, so as to impose the highest obligation short of insurance." In view of the simple nature of the work which was in progress, the secluded place in which it was carried on, and the extreme unlikelihood of injury resulting to a passenger who might chance to loiter at the doorway from anything to be naturally apprehended in the usual conduct of the work, I am of the opinion that the situation presented was such as to require only the exercise of reasonable care, and not a display of the utmost human vigilance. The duty of exercising the utmost possible care in the use of machinery by a common carrier was held in Palmer v. Pennsylvania Co., 111 N. Y. 488, 18 N. E. 859, 2 L. R. A. 252, as per the headnote, to apply only to "such appliances as would be likely to occasion great danger and loss of life to the traveling public if defects existed therein." In Palmer v. D. & H. C. Co., 120 N. Y. 170, 24 N. E. 302, 17 Am. St. Rep. 629, the court said (page 176, 120 N. Y., page 304, 24 N. E., 17 Am. St. Rep. 629):

"The same degree of care and watchfulness are not alike requisite to all of the various portions of the machinery and appliances. The apparent necessity for frequency of examination is somewhat dependent upon the liability to impairment and the consequences which may be apprehended as the result of defective condition."

Referring to the cases in which transportation companies were held only to the lesser degree of care, the ground of distinction was pointed

out at page 177, 120 N. Y., page 304, 24 N. E., 17 Am. St. Rep. 629, as follows:

"It may be observed that those so cited do not relate to the machinery or the appliances and apparatus which constitute and sustain the operative means of conveyance and transportation, but to other structures provided by the carrier, and the manner of their construction, and to which a less degree of care is applicable. Such are the cases of Hayes v. F. S. S. & G. S. F. R. R. Co., 97 N. Y. 259; Lafflin v. B. & S. W. R. R. Co., 106 N. Y. 136, 12 N. E. 599, 60 Am. Rep. 433; Kelly v. N. Y. & S. B. R. R. Co., 109 N. Y. 44, 15 N. E. 879; Palmer v. Penn. Co., 111 N. Y. 488, 18 N. E. 859, 2 L. R. A. 252; Kelly v. M. R. Co., 112 N. Y. 443, 20 N. E. 383, 3 L. R. A. 74."

The defendant in this case was bound to exercise reasonable care in view of the dangers to be apprehended, and the reason which underlies the rule of extreme care has no application to the circumstances of the accident. That reason was well explained by Judge Peckham in Kelly v. Manhattan R. Co., 112 N. Y. 443, 450, 20 N. E. 383, 385, 3 L. R. A. 74, as follows:

"The rule in relation to the liability of railroad corporations for injuries sustained by passengers under such circumstances as this case develops differs from that which obtains in the case of an injury to a passenger while he is being carried over the road of the corporation, and where the injury occurs from a defect in the roadbed or machinery, or in the construction of the cars, or where it results from a defect in any of the appliances such as would be likely to occasion great danger and loss of life to those traveling on the road. The rule in the latter case requires from the carrier of passengers the exercise of the utmost care, so far as human skill and foresight can go, for the reason that a neglect of duty in such a case is likely to result in great bodily harm, and sometimes death, to those who are compelled to use that means of conveyance. As the result of the least negligence may be of so fatal a nature, the duty of vigilance on the part of the carrier requires the exercise of that amount of care and skill in order to prevent accident. Hegeman v. Western R. R. Co., 13 N. Y. 9, 64 Am. Dec. 517. But in the approaches to the cars, such as platforms, halls, stairways, and the like, a less degree of care is required, and for the reason that the consequences of a neglect of the highest skill and care which human foresight can attain to are naturally of a much less serious nature. The rule in such cases is that the common carrier is bound simply to exercise ordinary care in view of the dangers to be apprehended."

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.