The Chicago, Indianapolis and Western Railway Co.

*v.*

The People *ex rel.* Taylor Randolph, County Treasurer.

*Opinion filed February 21, 1905.*

1. Taxes—*when levy of county tax is invalid.* A levy of county taxes is invalid where the resolution of the county board authorizing the levy fails to state separately the amount required for each of the several purposes for which the tax was levied.

2. Same—*effect where more tax is collected than is certified by commissioners as necessary.* The fact that more money has been collected for road taxes than the amount certified by the commissioners as the sum they required, does not relieve a tax-payer from liability for his legal proportion of tax extended against his property at the proper rate. (*Walser v. Board of Education,* 160 Ill. 272, and *Wabash Railroad Co.* v. *People,* 196 id. 606, distinguished.)

Appeal from the County Court of Jasper county; the Hon. I. D. Shamhart, Judge, presiding.

Geo. W. Fisher, and Davidson & Isley, for appellant.

Mr. Justice Boggs delivered the opinion of the court:

The application of the county collector of Jasper county for judgment and order of sale against real estate delinquent for taxes for the year 1903 asked for judgment against the property of the appellant railroad company for county taxes alleged to be delinquent in the sum of $372.48 and for township road and bridge tax in the town of Willow Hill in the sum of $38.72. Objections filed by the appellant company to the legality of the county tax were overruled and objec-

tions to the validity of the road and bridge tax were sustained except as to the sum of $26.13, and from a judgment entered in accordance with these findings this appeal has been perfected.

The court was·in error as to the legality of the county tax. The resolution of the board of supervisors, which is relied on as authorizing the levy of the county tax, ordered the levy to be made "for county purposes." This order did not specify the several purposes to which the money to be raised as a county tax was to be devoted. It ordered the levy of a sum in gross for all of the different purposes of the county. The statute requires that the amount levied for each purpose shall be stated separately. The levy was therefore invalid. *Chicago, Indianapolis and Western Railway Co.* v. *People,* 213 Ill. 197.

The court did not err in the action taken with reference to the road and bridge tax of the town of Willow Hill. The commissioners of highways of the town ascertained and determined the amounts, separately, which would be required to be raised by taxation for road and·bridge purposes, the total amount thereof being $550. On the hearing it was shown that tax-payers in the town other than the appellant company had paid, under this levy, taxes on property owned by them in the aggregate amounting to the sum of $755.98, being more than $205 in excess of the total amount so or-·dered to be levied by the highway commissioners. It was stipulated, however, that the appellant railroad company had not paid any part of the road and bridge tax levied against its property in said town, and that it owned property of the assessed valuation of $9680 liable to a valid levy of road and bridge tax in the town of Willow Hill, and that its "proportionate part of the $550 road and bridge tax levy, if it is liable for any road and bridge tax for said town under the evidence, would amount to $26.13."

There was a legal levy of a road and bridge tax in the total amount of $550. Under this levy it became the duty of

the county clerk to determine the rate per cent which would produce the said amount of $550, exclusive of the cost of collection and the amount of losses and deductions which would probably occur. (Rev. Stat. chap. 120, sec. 127; *Edwards* v. *People,* 88 Ill. 340; *Chicago and Alton Railroad Co.* v. *Baldridge,* 177 id. 229.) For some reason not disclosed by the record, the levy was so computed and extended against the taxable property in the town as that it would produce, in the aggregate, nearly fifty per cent more than the highway commissioners ordered to be levied. The county clerk, as we have held in the cases hereinbefore cited, was authorized to determine and extend a rate per cent of taxation that would produce more than the net amount ordered to be levied, but whether there was an abuse of the discretion and authority of the clerk is not relied upon as ground for reversal. The position of the appellant company is thus stated by it in its brief: "That the commissioners of highways, by their certificate of levy, ascertained and determined the amount of road and bridge tax required for the year 1903 to be $550, and that having collected, at the date of this trial, the sum of $755.98, the People are not entitled to judgment against this objector or its property for any additional sum, and that the court had no authority to render judgment for so much of the $550 levied as the court determined objector's proportionate share would have been had only the amount ($550) been extended by the county clerk."

We are unable to assent to this view. The commissioners of highways proceeded regularly and lawfully, and the levy of a valid tax was thereupon authorized to be extended against the property of the appellant company in the town of Willow Hill at such rate per cent upon the assessed valuation thereof as would, when extended against all of the assessable property in the town, produce the sum of $550, exclusive of costs of collection, etc. The fact that the levy was in some manner so extended as that, if all be collected, it

would produce something like fifty per cent more than the net amount ordered by the highway commissioners to be levied and collected, would not render the levy void and uncollectible as to each and every tax-payer. From this excess the cost of collecting must, of course, be deducted. Conceding that any tax-payer might lawfully be heard to insist that he should not be required to pay any part of such excess remaining after the cost of collection had been deducted, there is no principle of law or of abstract justice upon which a defense to any other portion of the tax could be sustained. The fact that all other tax-payers have paid such excess so far as levied against their property could not be seized upon by the appellant company as a reason for refusing to pay the amount of the tax levied and extended against its property after such excess had been deducted. The appellant company bore no relation toward any other tax-payer in the town out of which could arise the right to demand that moneys which other tax-payers had paid, the payment whereof they might have avoided, should be applied to the discharge and payment of taxes levied against its property as to which it had no legal defense. The relation of the appellant as a tax-payer, and of every tax-payer, is to the municipality, and they have no relation, the one to the other, in virtue of which the one may claim the benefit of moneys which another has paid into the town fund, though he might have successfully defended against such payment. The other tax-payers may have made their payments under such circumstances of fraud, duress or compulsion as that they may sue for and recover it back. (*Yates* v. *Royal Ins. Co.* 200 Ill. 202.) Each tax-payer may successfully defend against every unlawful levy against his property, but he cannot defeat a legal levy of taxes against his property by showing that other tax-payers have paid into the treasury of the taxing district, as taxes, sums which they might have defended against and avoided, in an amount equal to or exceeding the total amount authorized to be levied.

214—20

Counsel for the appellant company contend the decisions rendered in this court in the cases of *Walser* v. *Board of Education,* 160 Ill. 272, and *Wabash Railroad Co.* v. *People,* 196 id. 606, lay down the doctrine that whenever the full amount of a levy, as made by the authorities having the power to authorize it to be made, has been paid by a portion of the tax-payers, no right exists to require other tax-payers to make any further payments of taxes under such levies.

*Walser* v. *Board of Education, supra,* was a bill in equity filed by certain residents and tax-payers in school district No. 2, in township 39, etc., in Cook county, and the board of education of said school district, against the board of education of school district No. 1 of the same township and the treasurer of the township, to recover the sum of $2195, which they, as the representatives of district No. 2, alleged had been collected as school taxes levied on real estate situate in district No. 2 and taxable there, but which, by mistake of the county clerk, had been listed as situate in district No. 1, and by reason of such mistake the school levies made in district No. 1 were extended against said land and the taxes thereon were collected and paid to the township treasurer as the moneys of district No. 1. The right of a tax-payer to defend against a levy of taxes on his property was in nowise involved.

In *Wabash Railroad Co.* v. *People, supra,* certain land belonging to the railroad company, situate in school district No. 2, township 17, in Piatt county, was for seven successive years listed by the county clerk on the collector's books of the county as being in school district No. 4, in said township, and during said seven years the levies as made by said school district No. 4 were extended against said lands and the taxes thereby produced were regularly paid by the railroad company. The error was discovered and application was made to the county court of Piatt county for a judgment of sale against the lands as being omitted and delinquent in said district No. 2 for school taxes for the said

seven years. We there construed section 276 of the Revenue act, which relates to the collection of taxes on property omitted from assessment or defectively described, and section 277 of the same act, which provides for the collection of taxes or assessments which have been prevented from being collected "by reason of any erroneous proceeding or other cause," being the two sections relied upon to support the judgment which was entered against the lands of the railroad company for the said period of seven years, and held that neither of them authorized the rendition of the judgment. We held that as the railroad company had paid all taxes which had been levied and extended against its property for the said period of seven years, it could not again be assessed and be required to pay school taxes for each of said seven years because, by reason of an error of the county clerk, the lands of the railroad company had been improperly listed in school district No. 4, and the taxes paid by the railroad company had, by reason of the same error, been appropriated by the township treasurer to said district No. 4. The expressions there used, that "payment satisfies the taxes and discharges the land and the owner," and "the full amount of the levy as made by the district having been paid no right exists to recover more than the amount levied," were not inapplicable to the facts of that case but have no application here. *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 212 Ill. 518.

The judgment as to the county tax is reversed, and the judgment and order of sale for the road and bridge tax of Willow Hill town will be entered in this court in the sum of $26.13, and ten per cent damages, making a total judgment in the sum of $28.74, and it is ordered that so much of the amount of money deposited with the county collector by the appellant company as may be necessary shall be applied to the payment of such judgment. Each party will pay the costs by it made in this court.

*Judgment reversed in part.*