### WOOTTON v. FLATBUSH GAS CO.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

INJURY TO EMPLOYÉ—NEGLIGENCE OF FELLOW SERVANT.

    The negligence of a foreman in not remaining near a manhole in a street, in which one is working, to give warning to travelers, whereby an article put up as a warning is tipped onto the workman in the hole, is that of a fellow servant; there being no evidence that he was called away by other duties required of him by the employer.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 427, 450, 486, 491.]

Appeal from Trial Term, Kings County.

Action by William Wootton against the Flatbush Gas Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Edwin A. Jones (Harford T. Marshall, on the brief), for appellant.
Edmund C. Viemeister, for respondent.

JENKS, J. This is an action by servant against master for negligence in affording a place to work. The servant was at work splicing wire cables in a manhole 2½ to 3 feet deep, in a city street. He was kneeling, so that his head was 2 or 3 inches below the surface of the street, and his task kept his eyes upon the cable. While thus at work he was struck by the fall of a wooden horse which had been placed near the manhole as a warning to travelers. The theory of the plaintiff is that the horse was disturbed by a passing vehicle, but this is supported by inference, not by direct testimony.

The evidence is clear that the plaintiff entered upon the work at this place with full knowledge of the situation, of the perils due to the use of the street by others, and that he was satisfied so long as Nicholson, the foreman of the gang, remained on guard at this place, so that "no one ran in on him" in the manhole. Nicholson undertook to guard the hole, and stood there for a time. The plaintiff continued his labor in reliance on Nicholson's presence at his post. At the time of the accident, Nicholson, unknown to the plaintiff, was absent. This absence is the negligence imputed. Thus the learned counsel writes in his points: "There was no danger if the foreman had not had other duties imposed upon him which called him away, and diverted his attention from guarding the danger point." There is no proof which shows or tends to show that Nicholson was called away either by the defendant, or by the necessary discharge of other duties required of him by the defendant. There is no proof that Nicholson was an incompetent serv-

ant, so as to charge the master with this default. I think that when he undertook to remain at this place to give warning to others passing along the street, and thus to avert dangers which might arise to the plaintiff during the progress of his work in consequence of the acts of outsiders, he acted as a fellow servant. The case is like unto Ryan v. Third Avenue Railroad Company, 92 App. Div. 306, 86 N. Y. Supp. 1070. Hatch, J., collates many of the authorities in his opinion, and there is no need to array them again. See, also, Riola v. N. Y. C. & H. R. R. Co., 97 App. Div. 252, 89 N. Y. Supp. 945; Koszlowski v. American Locomotive Co., 96 App. Div. 40, 89 N. Y. Supp. 55, McHugh v. Manhattan Railway Co., 179 N. Y. 376, 72 N. E. 312, especially at page 383, 179 N. Y., and page 313, 72 N. E. The learned counsel for the appellant seeks to discriminate Ryan's Case, supra, by the difference in the grade of the foreman in the two cases. But there was no substantial difference, and, moreover, in Madigan v. Oceanic Steam Navigation Co., 178 N. Y. 242, 70 N. E. 785, it is held that the grade is not the test, but the act.

The judgment and order should be reversed, and a new trial be granted; costs to abide the event. All concur.