HARTMAN v. CLARKE et al.

(Supreme Court, Appellate Division, Second Department.   April 21, 1905.)

1. NEGLIGENCE—ACCIDENT.
    Negligence is not imputable to an accident not the reasonable, natural,
    and probable result, which ought to have been foreseen in the exercise
    of due prudence.
        [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§
    71, 72.]

2. SAME—EVIDENCE—SUFFICIENCY.
    In an action for personal injuries alleged to have been caused by the
    negligence of defendant in failing to fasten certain iron bars used in the
    construction of a building, so that plaintiff, in attempting to pass along
    a scaffolding erected close to the bars, pushed one of them over, and
    fell with it into an open elevator shaft, evidence held insufficient to
    show negligence on the part of defendants.

Appeal from Trial Term, Kings County.

Action by Harry Hartman, by guardian ad litem, against Thomas
A. Clarke and others.  From a judgment for plaintiff, defendants
appeal.  Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS,
RICH, and MILLER, JJ.

I. R. Oeland, for appellants.
Samuel Cohen, for respondent.

JENKS, J.  The plaintiff was at plumbing work on the third floor
of a building under construction.  The defendants were the con-
tractors for the ironwork therein.  They had set up vertical iron
bars from floor to ceiling in front of the open elevator shaft, which
were called "channel bars," and which were designed to hold the
fire bricks making the "final wall" of the shaft.  At the time of the
accident a scaffold 6 feet above the floor, laid upon wooden supports,
called "horses," extended from the wall 20 feet across the room, so
close to the elevator shaft as to leave but a narrow space.  The
plaintiff testifies that the space was about 10 inches wide; one
"could hardly get through that."  His witness Raymond testifies
that the space was 10 or 12 inches, so that a man "could barely
squeeze through if he was not too large."  The plaintiff sought pas-
sage from one end of the building to the other.  He attempted "to
squeeze through" this space, and in so doing took hold of the iron
bar so that the bar "went out" and he fell into the open elevator
shaft.  The said witness Raymond testifies :

"Well, as the horse was close to the uprights, the channel irons, or T-irons,
whichever they were, I don't recollect, but the horse was standing too close
for a man to walk through with his shoulders facing forward, and so he
faced towards the shaft and walked in sideways, and as he grabbed hold of
this first upright he come to it leaned out with him, and he squeezed in
between the horse and the upright, and he fell out with it.  He swung out
with the upright.  The upright leaned up against the wall—the upright be-
ing longer than the width of the shaft—and the upright leaned in about a
thirty-degree angle, and he hung on for about two or three seconds, and finally
his fingers gave way and he dropped."

The negligence imputed to the defendants is their failure to "properly construct and erect the said vertical bars or pillars, and particularly the one in question," "to properly bolt, fasten, and rivet the said bars, and leaving the same in a seemingly safe and permanent condition," and "to give any notice of the unsafe and dangerous condition of the said bars or pillars." The plaintiff and his witness Raymond admit that one could have gained a passage under the scaffold, but they assert that the space thereunder was incumbered by fireproofing, barrels, laths, and other material. Raymond admits, however, that one could have moved three or four bundles of laths, and passed underneath the scaffold in perfect safety, if he had "gone and asked permission of the lather, or whoever owned the property that was there." There was a sharp contradiction as to whether there was any material impediment. But, further, there is convincing evidence that at this time there was a passageway—evidently the projected hallway—running from front to rear, in such condition that one could pass along it. The plaintiff testifies that he did not look to see whether there was such a passageway. Raymond, in rebuttal, testifies that there was no flooring on it, simply beams running across an open space; but it is clear enough that it afforded access. The plaintiff says that he thought the way he attempted to take was the easiest and the shortest, and Raymond says it was the nearest. The plaintiff knew that the building was under construction. He had been working on this floor "for one day or two," or "maybe more," and he was familiar with the plans of the floor, and knew the rooms in it, though he testifies, "I cannot understand that plan," referring to a plan exhibited to him. There is no proof that any other person had ever attempted such a passage, and there is no proof of any invitation.

I think that there is no negligence shown as against the defendants. The case falls within the rule that negligence is not imputable to an accident, "not the reasonable, natural, and probable result" under the circumstances, "which ought to have been foreseen by the defendants in the exercise" of due prudence. I have collated some of the authorities in McKenzie v. Waddell Coal Co., 89 App. Div. 415, 85 N. Y. Supp. 819, and in Saverio-Cella v. Brooklyn Union R. R. Co., 55 App. Div. 98, 66 N. Y. Supp. 1021, and I need not repeat them. The defendants had not finished this work. I cannot see that they lacked due prudence in leaving for a time this iron bar incompletely secured, so that they ought to have foreseen, notwithstanding other and natural means of passage, that a workman, if "not too large a man," might attempt "to squeeze through" the narrow opening sideways, and in so doing would use the iron bar on the assumption that it was then so secured that he might, with impunity, use it to widen his passage, or to aid his passage, or as a fender against the open shaft.

I advise a reversal of the judgment and order, and the granting of a new trial.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.