### ·BRUST v. J. T. PERKINS CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

MASTER AND SERVANT—NEGLIGENCE—SAFE PLACE TO WORK.

> Plaintiff was working for defendant in its building near a chute, through which balls of wool were dropped from the floor above; the chute consisting of upright pipes, the spaces between which did not permit the balls to escape. The top of the chute projected several inches above the upper floor, and there was a metal cover for it when it was not in use. An employé, in attempting to put the cover on, carelessly let it drop into the chute; and it, striking a band about the chute at the bottom, bounded between the pipes and struck plaintiff. *Held*, that defendant was not negligent in failing to furnish a safe place to work; the place being safe except for the carelessness of fellow servants, against which the master is not required to make it safe.

Appeal from Trial Term, Kings County.

Action by Laura Brust, an infant over the age of 14 years, by her guardian ad litem, Nellie Brust, against the J. T. Perkins Company. From a judgment for plaintiff, and from an order denying a motion for new trial made on the minutes, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Albert G. McDonald, for appellant.

Lewis Freedman, for respondent.

MILLER, J. This is a master and servant case. The plaintiff's work required her to be within from 4 feet to 20 feet of a chute through which balls of wool were dropped from the floor above. The chute consisted of upright iron pipes with spaces between, not sufficient, however, to permit the escape of the balls. The dimensions of the chute were 26 inches by 14 inches. At its opening on the upper floor it had a flange projecting 6 inches above the floor, about which fitted a metal cover, which was removed when the balls were dropped down, and then replaced. A short distance above the lower floor the chute was entirely inclosed for the space of a few inches by a band, for the purpose of preventing any one near the chute getting his arm within the chute and subjecting it to the danger of being hit by the descending balls. Upon the occasion of the accident the cover had been removed for the purpose of dropping the balls down, and had been left on the floor by the side of the chute. A servant of the defendant, who had no duty to perform in connection with the chute, observing that the cover was off, undertook to put it on, and in doing so dropped it down the chute, and in falling it struck the band referred to above, bounded through the space between the iron pipes, hit the plaintiff on the head, and inflicted the injuries for which she has recovered.

It is difficult to discover any theory which will support the judgment. This chute was a simple device, entirely sufficient for the purpose for which it was intended. The injuries were caused by the carelessness of a fellow servant, and we need not discuss the proposition that the defendant was under no liability for, nor bound to antici-

pate or guard against, such negligence; and no other cause is suggested which the master in the exercise of due prudence was bound to anticipate as likely to produce such a result, and it is elementary that the master is only liable for consequences which he should anticipate. Hartman v. Clarke, 104 App. Div. 62, 93 N. Y. Supp. 314, and cases cited. It is claimed, however, by the plaintiff, that a nonsuit was properly denied, because of the testimony of the plaintiff, which I quote, to wit:

"Three or four days before I was hurt I heard the cover fall quite often. Q. Did you speak to any body about it? A. Yes, sir. I spoke to Mr. Andy Lee about it, the superintendent. I says: 'Mr. Lee, I am kind of afraid to work under that chute, afraid something will fall in some day and hit me,' And he says: 'Never mind, that is all right. I will have hinges put on.'"

Evidently the plaintiff had in mind the danger of something besides the cover falling; but it does not appear that there was anything about the mouth of the chute likely to fall in, and, even if there was, putting hinges on the cover would not prevent, if the mouth was open; and it is not suggested that anything would cause the cover to fall in, constructed as this opening was, except the thing which actually caused it to fall, to wit, the carelessness of some person in removing it or putting it on, and this the master was not bound to guard against. The negligence of the master complained of is its failure to furnish a safe place; but the place was perfectly safe, except for the carelessness of fellow servants, and the master does not fail in his duty when the place becomes dangerous only by reason of such carelessness. Koszlowski v. American Locomotive Co., 96 App. Div. 40, 89 N. Y. Supp. 55, and cases cited; Earle v. Clyde Steamship Co., 103 App. Div. 21, 92 N. Y. Supp. 839.

It follows, therefore, that the motion to dismiss at the close of the evidence should have been granted, and the judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.