O'SULLIVAN v. KNOX.

(Supreme Court, Appellate Division, Fourth Department. March 10, 1903.)

1. APPEAL—ORDER OF DISMISSAL—RECORD.
     Where, on appeal from a judgment and order dismissing a complaint on the merits, it does not appear what answer was given to several specific questions submitted to the jury, the form of the verdict not being returned, the dismissal brings up the record for review the same as if no verdict had been rendered.

2. NEGLIGENCE—NUISANCE—FORM OF ACTION.
     Where the facts as pleaded disclose negligence of the defendant in maintaining an unsafe structure on his land, whereby plaintiff is injured, an action for negligence lies, though an action for nuisance might also be maintained.

3. SAME—FALL OF SIGNBOARD—LIABILITY OF OWNER.
     The braces on a large signboard, originally well constructed, and standing on defendant's premises 15 feet within his property line and 100 feet distant from the nearest highway boundary, had become loosened, and, as plaintiff was driving along the highway, a strong wind, blowing from the south, blew the sign over, and the crash of its falling frightened plaintiff's horse, which became unmanageable and kicked and broke the carriage and harness, and plaintiff was thrown out. *Held*, that defendant was not liable.

¶ 2. See Negligence, vol. 37, Cent. Dig. § 168.

Appeal from Trial Term, Onondaga county.

Action by Anna O'Sullivan against Charles D. Knox. From a judgment dismissing the complaint upon the merits after a trial had, and from an order dismissing the complaint upon the merits, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Theodore E. Hancock, for appellant.

Fred Linus Carroll, for respondent.

SPRING, J. The action is for negligence to recover damages caused by the falling of a signboard owned by the defendant, and which, it is alleged, frightened a horse attached to a carriage in which the plaintiff was riding, and from which she was thrown and injured. At the close of the evidence a motion was made for a nonsuit and for a dismissal of the complaint, and the court reserved decision until after the verdict of the jury, and, upon its rendition, granted the motion, and dismissed the complaint upon the merits. Several specific questions were submitted to the jury, but while it is stated that the verdict was in favor of the plaintiff, it does not appear what answer was given to the several questions, as the form of the verdict is not returned. The dismissal brings up the record for review the same as if no verdict had been rendered. Griffiths v. Met. Street R. R. Co., 63 App. Div. 86, 71 N. Y. Supp. 406; Bessenger v. Met. Street R. R. Co. (Sup.; Jan. 23, 1903) 79 N. Y. Supp. 1017.

The complaint was dismissed on the ground that it was laid in negligence, and, as the dereliction proved, if any, constituted a nuisance, no recovery was permissible upon the cause of action alleged. While we concur in the disposition of the case at Trial Term, we regard the reason assigned for it untenable. We realize there is a well-recognized distinction between an action of negligence and one in nuisance, but we cannot assent to the position that the defendant owed no duty to the plaintiff. The proprietor of real estate has the right ordinarily to use it as he may elect, but if he erects a structure dangerous to others, or negligently allows it to become so, he is liable in damages to one who is injured solely by reason of the offending structure. If a man constructs a large signboard in a careless manner, on his premises, but closely adjacent to a sidewalk in a street, and it topples over by reason of its faulty construction and injures a person on the sidewalk, an action of negligence for damages may be maintained at the instance of the person injured. It may be that the structure is a nuisance, and an action of that kind may also be maintained. It is not so important what the cause of action may be denominated if the facts alleged show the defendant liable. In the present case the allegation is that the signboard was negligently allowed to get out of repair, the boards to become rotten, the nails loosened, etc., so that it was a menace to people passing along the highway. If so, negligence might be imputable to the defendant.

However, as matter of law, we think the plaintiff is not entitled

to recover in any form of action against the defendant. The sign-board was about 12 feet in length and 12 or 14 feet high, extending in an easterly and westerly direction. It was originally well constructed, but a brace or two had been allowed to get displaced, and on that account it was out of repair. It was 15 feet from the line of the defendant's premises, and between that and the country road along which the plaintiff was riding the land of the Central Railroad Company, 85 feet in width, intervened. The distance from the signboard to the nearest highway boundary along this road, therefore, was 100 feet. The plaintiff was riding with a man named O'Sullivan on September 12, 1900, when, as they testified, they saw the board swaying—"waving," as they expressed it—and it soon fell over with a crash, frightening the horse the man was driving. The horse became unmanageable, kicked and broke the carriage and harness, and the plaintiff was thrown out and injured. It appears that on the morning of the accident there was quite a strong wind from the south, although there is considerable conflict in the evidence as to the extent of it.

There were several coincident events causing the injuries, not within the range of those which might have been anticipated. The braces had become loosened, and the wind at this particular time was blowing from the south and against the structure, and at that juncture the plaintiff was passing along this country highway more than 100 feet distant. These corresponding occurrences could not have been foreseen. It may be that a door on a barn back from the highway 100 feet might blow open with a swirl and a bang, and frighten a horse traveling along the highway, but a misfortune of that kind could hardly be anticipated so that the farmer would be imputable with negligence for leaving his door unfastened. The cause of the mishap in this case was an unexpected and unusual one, bringing the accident within that class which are termed "unavoidable and unforeseen."

There was no contractual relation existing between the defendant and the plaintiff or anyone traveling along this highway, and in the exercise of his dominion over his property the defendant, as to such a wayfarer, owed only the duty of ordinary care and caution. Cosulich et al. v. Standard Oil Co., 122 N. Y. 118, 25 N. E. 259, 19 Am. St. Rep. 475; Tucker v. Mack Paving Company, 61 App. Div. 521, 70 N. Y. Supp. 688. With a signboard of these moderate dimensions, with 85 feet of railroad lands between his own and the highway, and with his structure 15 feet in from his line, he filled the measure of that reasonable care imposed upon him, and commensurate with any probable or conceivable danger. He could not forecast the uncommon occurrences which resulted in the injuries to the plaintiff, and hence they are not within the compass of the obligation he owed to her. The judgment and order should be affirmed, with costs.

Judgment and order affirmed. All concur, McLENNAN, J., not voting.