notice of lien "must state either explicitly or by plain inference the value or the agreed price of the labor performed or materials furnished at the time of filing thereof." There is no question in this case as to materials furnished, and therefore the inquiry is whether the notice of lien states the value or agreed price of the labor performed at the time of the filing thereof. The notice states that "the labor performed was carpenter work, * * *" and that "the labor to be performed is carpenter work." There was therefore both labor performed and labor to be performed. The notice then states: "The agreed price and value of said labor is eight hundred and fifty ($850) dollars." That means that the agreed price and value of the labor performed and to be performed was $850; and although the validity of the lien must be tested by the face thereof, yet in this case, if we refer to the contract annexed to the complaint, we find that the inference drawn from a reading of the face of the lien is correct, and that the total contract price is $850. The notice continues: "The amount unpaid to the lienor for such labor and material is five hundred and fifty ($550) dollars." The only interpretation of his notice is that the sum of $550 is unpaid upon the total amount of $850, which is the agreed value of the labor, both performed and to be performed. It is entirely consistent with the wording of this notice that $300 worth of or has been performed and is paid for, and also that $550 in value of labor still unperformed and unpaid for. It is true that the notice of lien must iberally construed, but no possible construction of this notice will inform reader of the amount of labor performed at the time it was filed. We guess that the plaintiff has done $850 worth of work and that none of it been paid for; but it is purely a guess, and not a fact, either explicitly 1 in the notice or plainly inferable therefrom.

ollows that the motion for judgment dismissing the complaint as to the moving defendants must be granted, with $10 costs. As I have held that the lien is fatally defective, it would be idle to grant leave to amend.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Robert E. Moffett, of Brooklyn, for appellant.
Jacob Kirschenbaum, of New York City, for respondents.

PER CURIAM. Judgment and order affirmed, with costs, upon the opinion of Mr. Justice Blackmar at Special Term.

---

(164 App. Div. 117)

THOMPSON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. October 30, 1914.)

1. RAILROADS (§ 305*)—INJURIES FROM CONSTRUCTION—SIGN AT ROAD CROSSING—DEGREE OF CARE.

The obligation of a railroad company to maintain its road crossing signs in such a manner as not to frighten horses is only to exercise ordinary care and caution.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 968–971; Dec. Dig. § 305.*]

2. RAILROADS (§ 337*) — NEGLIGENCE FROM CONSTRUCTION — SIGN AT ROAD CROSSING—PROXIMATE CAUSE.

Where a railroad crossing sign was caused to rattle by a sudden gust of wind at just the time when plaintiff was driving over the crossing, thereby frightening his horse and causing injuries to plaintiff, the ordinary care required of the railroad company would not have led it to apprehend the result, and it is therefore not liable for the injuries.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1090–1095; Dec. Dig. § 337.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Dutchess County.

Action by Henry George Thompson, by his guardian ad litem, against the New York Central & Hudson River Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Robert Wilkinson, of Poughkeepsie, for appellant.
Walter Farrington, of Poughkeepsie, for respondent.

JENKS, P. J. The plaintiff has recovered a verdict for the negligence of the defendant in the erection and the maintenance of its sign with the legend "Railroad Crossing Look Out for the Cars" at a road crossing of defendant's railway tracks. He complains that when he was about to drive his vehicle over the tracks his horse took fright at the rattling or creaking of the sign, ran away, and threw the plaintiff out and into a hole distant about 8 feet from the road. The plaintiff offered proof that the pole of the sign was slightly loose in the earth, that the braces were loose, the nails had worked loose, and the boards of the sign were "shaky," so that the play of the wind caused them to rattle or to creak. He also offered proof that on divers other occasions other horses had been more or less thus frightened, and that about a year before the witness Banks had told the section boss that he had better attend to the sign, as it might frighten some one's horse. The casualty occurred about 11 o'clock of a "blustery" December night, when, according to the plaintiff and his witnesses, the wind was very high, and blew "terribly at spells." Both the plaintiff and his sister, who was his companion, testify that they did not hear any noise as they approached the crossing, but only as they attempted to cross it, when, according to the plaintiff, there came "a sudden gust of wind which rattled the signpost."

[1,2] The obligation of the defendant was that of ordinary care and caution. O'Sullivan v. Knox, 81 App. Div. 438, 80 N. Y. Supp. 848, modified as to form of order only, and affirmed 178 N. Y. 565, 70 N. E. 1104. If the result of this creaking or rattling was not within the ken of reasonable prudence and foresight, then proximate cause was not established. Rowley v. Newburgh Light, Heat & Power Co., 151 App. Div. 65–71, 135 N. Y. Supp. 944; Beetz v. City of Brooklyn, 10 App. Div. 382, 41 N. Y. Supp. 1009. I think that the defendant under its said obligation should not reasonably have apprehended what Spring, J., in O'Sullivan's Case, supra, aptly terms the "corresponding occurrences," and that therefore the verdict was not justified by the evidence. O'Sullivan v. Knox, supra. See, too, McKenzie v. Waddell Coal Co., 89 App. Div. 415, 85 N. Y. Supp. 819, citing Lilly v. N. Y. C. & H. R. R. R. Co., 107 N. Y. 566, 14 N. E. 503; Saverio-Cella v. Brooklyn Union El. R. R. Co., 55 App. Div. 98, 66 N. Y. Supp. 1021.

I advise a reversal of the judgment and the order.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.