PETER POLEMENAKOS, Respondent, *v.* JULIUS COHN and Others, Appellants.

Fourth Department, March 9, 1932.

*Gibbons, Pottle & Pottle* [*Frank Gibbons* of counsel], for the appellants.

*George E. Phillies,* for the respondent.

PER CURIAM. Assuming that the spot where the plaintiff fell was not a part of the premises leased by him, and that the duty of keeping such part of the premises in repair rested upon the defendants, that obligation did not go so far as to require them to make it absolutely safe for all purposes for which it might be used. Appellants' duty stopped with making the place reasonably safe for the purposes for which it was accustomed to be used, or for any purpose for which they had reason to apprehend that it would be used. They were not bound to guard against an unexpected or unheard of event, or to foresee every possible accident which might occur.

" Negligence is to be gauged by the ability of one to anticipate danger. The test of actionable negligence is not what could have been done to have prevented a particular accident, but what a reasonably prudent and careful person would have done under the circumstances in the discharge of his duty to the injured party. Failure to guard against a remote possibility of accident, or one which could not, in the exercise of ordinary care, be foreseen, does not constitute negligence." (*Lane* v. *City of Buffalo,* 232 App. Div. 334, 338.)

We think that this case comes within the above rule. The construction and maintenance of the pit itself was not negligent. If it had not been covered and the plaintiff had slipped and fallen into it, there could be no recovery here. The opening was not within the driveway, but around the corner at the jog in the building. There is no evidence that anyone ever attempted to walk over or stand on these boards. In fact, the accident did not happen because plaintiff stepped upon the boards, but because he slipped, while standing on the concrete in the courtyard, and, in attempting to save himself, fell forward with considerable force

and struck and broke one of the boards covering this opening about the cellar window. No similar accident had ever happened before; no one had ever been injured at this spot. This was a most unusual accident, and something the defendants were not bound to anticipate or foresee. To require the defendants to anticipate and guard against such an occurrence would, it seems to us, require of them prophetic vision. We, therefore, think that defendants have not been shown guilty of any actionable negligence under the rule above stated.

We can see no more reason for holding the defendants negligent here. than in *Palsgraf* v. *Long Island R. R. Co.* (248 N. Y. 339), or *McPherson* v. *City of New York* (204 id. 430), or *Loftus* v. *Union Ferry Co.* (84 id. 455), or *Babcock* v. *Fitzpatrick* (221 App. Div. 638; affd., 248 N. Y. 608), or *Van Leet* v. *Kilmer* (252 id. 454), or *Flaherty* v. *Metro Stations, Inc.* (202 App. Div. 583; affd., 235 N. Y. 605), or *Hall* v. *New York Telephone Co.* (214 id. 49), or *Beickert* v. *G. M. Laboratories* (242 id. 168), or *Cleveland* v. *N. J. S. Co.* (125 id. 299), or *Di Biase* v. *Ewart & Lake, Inc.* (228 App. Div. 407; affd., 255 N. Y. 620), or *Thompson* v. *N. Y. C. & H. R. R. R. Co.* (164 App. Div. 117) or many other similar cases which might be cited.

We also think that the breaking of this plank was not the proximate cause of plaintiff's injury. Plaintiff slipped in mud, which he himself had made, on the concrete in the courtyard and for which defendants were in no way responsible. The plank broke because of the sudden and unexpected force placed upon it, when plaintiff's body struck it, as he was endeavoring to save himself.

Having reached the conclusion that defendants were guilty of no negligence which caused this accident, it is unnecessary to discuss the various exceptions taken to the charge of the trial court.

We think that the judgment should be reversed and the complaint dismissed.

All concur, except SEARS, P. J., and CROUCH, J., who dissent and vote for affirmance. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.