MAE MONARCH, as Administratrix, etc., of FRANK MONARCH, Deceased, Respondent, v. KINGS HIGHWAY SAVINGS BANK, Appellant. — Plaintiff's intestate, while a guest in a bar and grill operated by a tenant under a written lease with the defendant, fell down a concrete stairway leading by a doorway from a washroom to the basement and suffered injuries causing his death. The evidence establishes beyond doubt that the stairway was under the exclusive control of the tenant and was not intended to be used and was not used by the public. It is also established without contradiction that the door leading to the stairway was locked and opened by force either by the decedent manually or by his falling against it. The plaintiff recovered judgment against the owner. Judgment reversed on the law, with costs, and complaint dismissed, with costs. There is no competent testimony in the record to show that the owner retained control of the stairway. Under the terms of the lease, he did not retain such control. (*Cullings* v. *Goetz*, 256 N. Y. 287.) Assuming that the stairway was in the same condition at the time of the leasing as it was on the day of the accident, the landlord cannot be held liable for such unexpected and unforeseen event. (*Polemenakos* v. *Cohn*, 234 App. Div. 563.) Appeal from decision dismissed. An appeal does not lie therefrom. Hagarty, Davis, Johnston, Taylor and Close, JJ., concur.

LILLIAN I. MULLANE, Appellant, v. EDWARD J. MULLANE, Defendant; FRANK J. TAYLOR, as Comptroller, and RALPH J. VAN NAME, as Examiner in Charge of the NEW YORK CITY EMPLOYEES RETIREMENT SYSTEM, Respondents.— Order denying plaintiff's motion for an order sequestering the pension awarded defendant by the city of New York affirmed, without costs. In our opinion it was incumbent upon plaintiff to apply for a receivership, under the circumstances. Hagarty, Davis, Adel, Taylor and Close, JJ., concur.