Joseph Oswald Collins, an Infant, by His Guardian ad Litem, Bernard J. Collins, and Bernard J. Collins, Respondents, v. Lina Noss, Appellant.

First Department, November 17, 1939.

*Julius S. Christensen* of counsel [*Christensen & Eberlein,* attorneys], for the appellant.

*Ivan E. Maginn* of counsel [*Charles V. Halley, Jr.,* with him on the brief], for the respondents.

Dore, J. On January 21, 1937, the infant plaintiff Joseph Collins, one of six children in a family, tenants in a multiple dwelling owned by defendant in the Bronx, was playing a game called " cowboy " with his nine-year-old sister Theresa and his ten-year-old brother Stephen in a bedroom of their apartment. In the course of the game Theresa had made believe to shoot her brother Stephen, who played the villain's part, and he had fallen on the bed " dead;" the infant plaintiff, then four years old, thereupon mounted the head rail of the bed which stood in front of a bedroom airshaft window to ride for " the sheriff." The head rail was

about two feet above the mattress of the bed and at some height above the window sill of the glass-paned airshaft window. While he straddled the head rail as one would straddle a horse, he made believe to be galloping for "the sheriff," using the head rail of the bed as a horse to sit on, and "working it fast." This, with similar action by his sister at the foot rail of the bed, caused the bed to move along the floor a short distance closer to the wall. Plaintiffs claim that, as it moved, one leg at the head of the bed slipped into a hole in the floor apparently caused by the widening of the floor boards, that the infant plaintiff lost his balance and fell against the airshaft window, which immediately opened outward, as it is claimed the hook and eye did not hold, and he fell through the window space down the airshaft, receiving the injuries for which damages were sought in this action. Although he fell five stories and suffered a fracture of one thigh bone, he apparently made a good recovery, was present at the trial and testified, and no issue is raised on appeal as to the quantum of the damages awarded plaintiffs by the jury's verdicts in their favor.

Plaintiffs contend that two alleged defects in the apartment were the proximate cause of the accident: (1) the hole in the floor, as to which actual notice was claimed; and (2) a defective hook and eye used to secure the airshaft window when closed, the alleged defects being that the hook was bent and it was impossible fully to insert the hook into the eye so as to hold the window securely closed, as to which constructive notice was claimed.

While there was ample testimony tending to show actual notice of the claimed hole in the floor, there was no proof of either actual or constructive notice before the accident that the alleged defects in the hook and eye had existed for such a length of time that they should have been discovered and corrected by defendant in the exercise of reasonable care.

The requirement of the statute (Multiple Dwelling Law, § 78) is not to render the landlord an insurer or make the premises absolutely safe for any purpose for which they might possibly be used, but only reasonably safe for the purpose for which they were intended to be used or which the landlord should reasonably anticipate. Liability for actionable negligence must lie within the range of natural and probable consequences. Such risk does not include every possible accident due to unusual and reasonably unforeseeable combinations of extraordinary circumstances; and to hold the landlord liable for this unique accident would, under the facts disclosed, impose an unreasonable and unjustifiable burden and require of the landlord not reasonable foresight but, as was said in another case, "prophetic vision." (*Polemenakos* v. *Cohn,*

234 App. Div. 563; affd., 260 N. Y. 524; *Lane* v. *City of Buffalo,* 232 App. Div. 334, 338; *McPherson* v. *City of New York,* 204 N. Y. 430, 433; *Di Biase* v. *Ewart & Lake, Inc.,* 228 App. Div. 407; affd., 255 N. Y. 620.)

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON, UNTERMYER and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.