HERBERT ROSEN, Respondent, *v.* BRONX HOSPITAL, Appellant.

DORE, J. (dissenting). No actionable negligence was established against defendant in view of the unforeseeability of this very unusual and peculiar accident (cf. *Collins* v. *Noss*, 258 App. Div. 101, affd. 283 N. Y. 595). In the *Collins* case we said (p. 102): "Liability for actionable negligence must lie within the range of natural and probable consequences. Such risk does not include every possible accident due to unusual and reasonably unforeseeable combinations of extraordinary circumstances; and to hold the landlord liable for this unique accident would, under the facts disclosed, impose an unreasonable and unjustifiable burden and require of the landlord not reasonable foresight but, as was said in another case, 'prophetic vision.'" (*Polemenakos* v. *Cohn,* 234 App. Div. 563, affd. 260 N. Y. 524; *Lane* v. *City of Buffalo,* 232 App. Div. 334, 338; *McPherson* v. *City of New York,* 204 N. Y. 430, 433; *Di Biase* v. *Ewart & Lake,* 228 App. Div. 407, affd. 255 N. Y. 620.)

There was no proof that defendant had actual notice of the alleged defective condition; and the attempt to prove, by an alleged expert, constructive notice is based on testimony so inherently improbable as to render it unworthy of probative value.

Plaintiff sustained injuries by inserting his fingers in the hinged portion of the door while making a gesture when the door was closing; under the circumstances disclosed, injury would result in any event. No causal relationship was established between the alleged defective condition and the injuries sustained.

Accordingly, I dissent and vote to reverse and dismiss.

Peck, P. J., Cohn, Callahan and Botein, JJ., concur in decision; Dore, J., dissents and votes to reverse and dismiss the complaint in opinion.

Judgment affirmed, with costs.