Frieda Gattner et al., Respondents, v. Coliseum Exhibition Corporation, Appellant.

Third Department, July 19, 1962.

*Harrison, Coughlin, Dermody & Ingalls (Edward Dermody* of counsel), for appellant.

*Hackett, Harbachuk & Thomas (John Harbachuk* of counsel), for respondents.

HERLIHY, J. This is an appeal from a judgment of the Supreme Court, Broome County, of a verdict, after a jury trial, in favor of the plaintiffs-respondents. The action was for negligence.

The plaintiffs, husband and wife, in June, 1957, were attending a medical convention exhibition on the premises of the defendant. They testified that as they entered the lobby, they were directed to an escalator by two uniformed attendants. The wife started ascending the escalator, with her husband one step in the rear, and when about halfway up, one of the attendants called " Lady, you lost something ", whereupon she turned her head and noticed both attendants at the bottom of the escalator. They again yelled to her that she had lost a key; she turned around and bent down but apparently saw nothing, at which time one of the attendants ran up the escalator, picked up an object off the step — identified as a metal tip from her shoe — handed it to her and then ran back down the escalator to the lobby. The wife started to turn in the direction in which the escalator was

ascending, but she reached the end of the escalator before completing the turn and her left foot struck the stationary metal plate and she was thrown forward onto the floor, sustaining the injuries for which she seeks damages.

The testimony established that the total time for ascending on the escalator was 25 seconds and that she was about halfway up when the incident took place. The consideration of the element of time is essential in determining the conduct of the actors herein and any resulting liability.

The plaintiff alleged in the complaint " That the negligence of the Defendant consisted in * * * distracting Plaintiff's attention as she was about to reach the second floor, thus causing her to be thrown to the floor ".

At the end of the plaintiffs' case, the defendant moved for nonsuit and dismissal of the complaint, upon which the court reserved decision and at the close of all the testimony, the defendant renewed the motion and further moved for a directed verdict, and, again the court reserved decision.

Inasmuch as we determine the motion should have been granted at the close of the plaintiffs' case for a dismissal of the complaint, it is unnecessary to consider the subsequent charge and events associated therewith. The reservation by the court of the motion to dismiss sufficiently protects the defendant's position so as to entitle it to relief in this court.

It could be determined from the facts that the plaintiff was distracted. The act of the attendants in calling to her might have been an error of judgment but that alone does not carry liability with it for such an act is consistent with reasonable care in attempting to prevent the plaintiff from irretrievably losing something she had dropped. While the act of distraction might have been the cause of the resulting injury, we do not hold that the act, under these circumstances, was unreasonable and therefore, cannot be a predicate for a finding of negligence. There is no showing in this record of an act of commission or omission constituting the lack of reasonable care. To the contrary, the facts negate negligence or liability. There is no claim that the escalator was a dangerous instrument or that it was defective. The mere allegation that the attendants distracted plaintiff's attention is too tenuous alone to establish liability.

Foreseeability is associated with the reasonable opportunity to be aware of a possible impending danger. As was stated in *Palsgraf* v. *Long Is. R. R. Co.* (248 N. Y. 339, 345) : " One who seeks redress at law does not make out a cause of action by showing without more that there had been damage to his person. If the harm was not willful, he must show that the act as to him

had possibilities of danger so many and apparent as to entitle him to be protected against the doing of it though the harm was unintended.''

In the instant case there is no showing of such a danger and no showing of an intended harm. The evidence on the trial does not establish a duty running from the defendant to the plaintiff, nor, as a matter of law, does it establish that the accident and resulting injury were foreseeable. (*Rosen* v. *Bronx Hosp.*, 308 N. Y. 925, 926.)

The test aptly stated and applicable to the present facts is the reasonable foreseeability of the risk; '' reasonable foresight is required but not prophetic vision ''. (*Cartee* v. *Saks Fifth Ave.*, 277 App. Div. 606, 609, 610, affd. 303 N. Y. 832.)

The range of reasonable apprehension in this case was a question of law for the determination of the court and the motion to dismiss the complaint should have been granted at the end of the plaintiffs' case. Actionable negligence was not established and the defendant was not the insurer of the safety of the plaintiff and therefore not legally liable for her injuries.

The judgment should be reversed on the law and the facts and complaint dismissed, without costs.

BERGAN, P. J., GIBSON, REYNOLDS and TAYLOR, JJ., concur.

Judgment reversed, on the law and the facts, and complaint dismissed, without costs.