June Morris et al., Respondents, *v.* Troy Savings Bank, Appellant.

Third Department, July 2, 1969.

*Ainsworth, Sullivan, Tracy & Knauf* (*Thomas F. Tracy* of counsel), for appellant.

*Seymour Fox* for respondents.

Greenblott, J. The defendant appeals from a judgment of the Supreme Court, entered April 25, 1968, in Albany County, upon a verdict rendered at Trial Term, in favor of plaintiffs. The first cause of action was brought by plaintiff June Morris to recover damages for personal injuries alleged to have been sustained when she tripped and fell over a dog in appellant's bank. In the second cause of action her husband sought recovery for loss of his wife's services and medical expenses.

On January 24, 1964, respondent June Morris entered appellant's bank to transact business and went directly to a line in front of a teller's window. Shortly thereafter, Frances Angley, a young lady 26 years old and blind since birth, entered the bank accompanied by her seeing-eye dog, Scotty. Miss Angley walked to a place that she believed to be a line of people and stood there, with her dog alongside of her. Although the dog was equipped with both a leash and a harness, Miss Angley held only the leash in her hand. After respondent completed her transaction at the teller's window, she turned around, took one step and fell over what she described as a chain, but was in fact the dog's leash.

Plaintiff testified that, as a result of the fall, she suffered back and neck injuries, requiring medical treatment. The case was tried on the theory that appellant was negligent in failing

to assist a blind person, accompanied by a seeing-eye dog, in its crowded premises, and in failing to warn others of the presence of the dog. The jury returned a verdict of $10,000 for respondent June Morris and $5,000 for respondent husband. The trial court reduced the latter verdict to $1,500.

Negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk. It necessarily involves a foreseeable risk, a threatened danger of injury, and conduct unreasonable in proportion to the danger. "The fundamental basis of liability for actionable negligence is the reasonable foreseeability of the risk, the ability reasonably to anticipate the risk; every possible accident due to unusual and reasonably unforeseeable combinations of circumstances is not included; reasonable foresight is required but not prophetic vision (*Collins* v. *Noss*, 258 App. Div. 101, affd. 283 N. Y. 595; *Lyman* v. *Putnam Coal & Ice Co.*, 182 App. Div. 705, affd. 230 N. Y. 548; *Buell* v. *Utica Gas & Elec. Co.*, 259 N. Y. 443) " (*Cartee* v. *Saks Fifth Ave.*, 277 App. Div. 606, 609–610).

In our opinion, it was not reasonably foreseeable that appellant bank, by allowing a blind woman to enter its premises accompanied by a seeing-eye dog, would create a dangerous situation if she were not accompanied by a security guard. Surely, it is not reasonably foreseeable that a normally sighted patron would fall over the leash of a seeing-eye dog quietly standing at its owner's side. As was stated in *Hubbell* v. *City of Yonkers* (104 N. Y. 434, 438–439): "This was one of that class of accidents, whose occurrence is so rare, unexpected and unforeseen, that to hold the city responsible for a failure to guard against it, is to hold it to a most extensive liability, and to cause it to become substantially an insurer against any accident which human care, skill or foresight could prevent. This is a higher degree of responsibility than the law exacts."

The mere fact that bank guards had assisted this blind woman in the past created no duty on the part of the bank that would inure to the benefit of the bank's other patrons. If the appellant bank had any duty to provide assistance, it would be for the protection of the blind woman and not for the protection of the bank's sighted customers. A case such as this is clearly distinguishable from those cases where store owners have been held liable for allowing dogs of dangerous or wild propensity to be brought on their premises.

The judgment should be reversed, on the law and the facts, and the complaint dismissed, without costs.

GIBSON, P. J., REYNOLDS and COOKE, JJ., concur; AULISI, J., not voting.

Judgment reversed, on the law and the facts, and complaint dismissed, without costs.