OPINION OF THE COURT
Anthony J. Ferraro, J.
Plaintiffs make this application to vacate a decision, order and judgment of this court and for reargument and renewal of the motion for summary judgment granted in favor of defendant Swim and Play Company.
Upon the original application the only opposition was an affidavit of plaintiffs’ attorney which failed to set forth evidentiary facts to sustain a cause of action. (Freedman v Chemical Constr. Corp., 43 NY2d 260; Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255; Mintz v Long Is. Daily Press Pub. Co., 75 AD2d 595; Valenti v Purdy, 71 AD2d 1019.)
The decision and order of the court was rendered on March 31,1982. However, the judgment was not submitted to the court until March of 1983.
*587 The plaintiffs contend that they were not served with a copy of the judgment before signature as directed by the court. However, the judgment has been duly signed and entered and plaintiffs acknowledge receipt of a copy thereof with notice of entry. Plaintiffs made no application to resettle the order but elected to accept the same and file an appeal therefrom. Defendants’ failure to provide notice of settlement has therefore been waived.
In addition to the technical grounds for vacating the judgment the plaintiffs seek to vacate upon the basis of additional facts which they claim justify a denial of the motion for summary judgment.
The additional papers submitted upon this application consist of an affidavit of the father of the injured plaintiff, photographs of the alleged defective ladder and an examination before trial of an officer of defendant Swim and Play Company. The examination elicited that the Swim and Play Company made no recommendations as to ladders to be attached to the pools they manufacture and offered no literature regarding the types of ladders to be used.
It is conceded that the Swim and Play Company manufactured only the pool and had nothing to do with the manufacture, installation or maintenance of the ladder from which the infant plaintiff fell.
The plaintiffs contend that since Swim and Play Company manufactured a pool which was intended for above-the-ground use and since the pool was four feet high the pool manufacturers should have given some instructions and made certain recommendations as to a ladder to be used for entrance and exit to the pool.
The plaintiffs advance a novel theory of liability and research has revealed no reported authority to substantiate their theory.
In a products liability case a plaintiff may ground his action on four theories: (1) negligence, (2) breach of express warranty, (3) breach of implied warranty, and (4) strict liability. (Victorson v Bock Laundry Mach. Co., 37 NY2d 395; Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55.)
In the instant case since the defendant Swim and Play Company did not manufacture the ladder there could be no *588 warranty either express or implied running from Swim and Play Company to the plaintiffs. Likewise, there can be no recovery upon the theory of strict liability because the product involved is not the product of Swim and Play Company. The court is aware of the theory that failure to warn about the dangers that may be involved in using the product may make the product defective and that the effectiveness of the warning may be a jury question. (Wolfgruber v Upjohn Co., 72 AD2d 59, affd 52 NY2d 768; Torrogrossa v Towmotor Co., 44 NY2d 709; Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55, supra.) However, this theory cannot be stretched to require a warning as to a conjunctive product manufactured by another even though such other product may be a sine qua non to the use of the first.
There remains for consideration the defendant Swim and Play Company’s possible liability on the theory of negligence. Negligence is founded on an underlying duty owed to another, the possible danger to whom is reasonably foreseeable as a result of the conduct of the alleged wrongdoer. The risk reasonably to be perceived defines the duty to be obeyed. (Palsgraf v Long Is. R. R. Co., 248 NY 339.) Only reasonable foresight is required, not prophetic vision. (Cartee v Saks Fifth Ave., 277 App Div 606, affd 303 NY 832; Gattner v Coliseum Exhibition Corp., 17 AD2d 44, affd 12 NY2d 933; Morris v Troy Sav. Bank, 32 AD2d 237, affd 28 NY2d 619.) Failure to guard against a remote possibility of accident is not negligence. (Polemenakos v Cohn, 234 App Div 563, affd 260 NY 524; Hubbell v City of Yonkers, 104 NY 434.) The question of duty and foreseeability is for the court when the facts are undisputed and but one inference may be drawn. (Donahue v Copiague Union Free School Dist., 64 AD2d 29, affd 47 NY2d 440.) In the instant case it is undisputed that the infant plaintiff fell off of the ladder while leaving the pool and landed on a bucket near the foot of the ladder. It has been held as a matter of law that it was not foreseeable in an action against a bank that a bank patron would fall over the leash of a seeing eye dog of another patron (Morris v Troy Sav. Bank, 32 AD2d 237, affd 28 NY2d 619, supra), nor, in an action against the State that a member of the public would be assaulted by a *589 prisoner with no record of violence (Williams v State of New York, 308 NY 548), nor that a patient with a violent criminal past would steal a car upon escape and cause injury by driving recklessly. (Dunn v State of New York, 29 NY2d 313.) It has further been held that even though a defendant could have foreseen the accident he cannot be held liable for the consequences of the foreseeable accident if he did not have power to control the conduct of the negligent actor. A garage owner was held not liable to a pedestrian for the negligence of a patron while driving out of the parking facility (Pulka v Edelman, 40 NY2d 781). And a host who served alcoholic beverages was held not liable to a pedestrian struck by a car driven by the guest. (Schirmer v Yost, 60 AD2d 789.)
In the case at bar the court concludes that a fall from a defective ladder manufactured by another onto a bucket placed at the foot thereof by the owner could not reasonably have been foreseen by the pool manufacturer and that even if it could have been foreseen the pool manufacturer could not be held liable because it had no control over the manufacture, use or maintenance of the ladder nor the placement of the bucket at the foot thereof.
The motion to vacate the judgment and for reargument and renewal is therefore denied.