◼ ANITA SERRANO, Appellant, v HORST SPENGLER, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) an order of the Supreme Court, Queens County (Bambrick, J.), dated May 10, 1982, which, after a jury verdict in favor of the defendant, denied plaintiff's motion pursuant to CPLR 4404 for an order granting judgment in her favor or, in the alternative, setting aside the verdict as contrary to the weight of the evidence; and (2) a judgment of the same court, entered June 7, 1982, which was in favor of defendant. Appeal from the order dated May 10, 1982, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment entered June 7, 1982 reversed, on the facts and in the interest of justice, order dated May 10, 1982 vacated and new trial granted in accordance herewith. Plaintiff is awarded one bill of costs. In early June, 1981 plaintiff fell down a flight of stairs in an apartment house owned by defendant. At the time of her accident

plaintiff had left the second floor apartment of a friend and was proceeding downstairs to catch the taxicab which she had summoned. She was wearing flat heel shoes at the time. As plaintiff approached the first floor landing, she caught the heel of her left foot on a black, coarse, gritty area of the floor located on the landing between the first and second floors. As her left foot caught on this substance, plaintiff slipped and fell to the bottom of the stairs. She sat on the steps for a short time before proceeding back upstairs to see what her foot had gotten caught on. Plaintiff went home immediately thereafter without reporting this incident to the superintendent or the owner of the building since she did not believe that there was anything badly wrong with her. Plaintiff admitted that prior to her accident she had climbed those same stairs an average of twice a week for three years without ever having gotten her foot caught in that manner. Nor has she fallen on those stairs since her accident. Plaintiff's engineer measured the spot in question as three by five inches in size with a depth of one-eighth inch as compared to the surrounding tiles. The black area was a "gritty, rubber-like adhesive type of surface" with a different coefficient of friction than the surrounding tiles. In his opinion, the use of the aforesaid substance did not constitute a safe way to repair the step insofar as it left an area which was not flush with the surrounding surface and which was of a dissimilar material. Defendant testified that the black spot on which plaintiff's foot had gotten caught was in the same condition at the time of the trial as it was when he first acquired the property in 1959. Neither he nor the superintendent had ever made any changes or repairs to the area. Nor had there ever been any complaints regarding that landing made to defendant by any visitor to the building. Defendant had no knowledge of anyone having fallen in that area prior to plaintiff's accident. Although the landing on which the black spot was located was used by all the tenants in the building when they came to pay their rent, the superintendent had never received any complaints from the tenants or anyone else. The defense offered the testimony of a consulting engineer who had measured the subject spot with an inclinometer in order to ascertain whether the surface was level. He found that the black spot was level and plane with the surrounding step and tiles and that the area was flush to both the step and surrounding tiles. In his opinion, the repair did not constitute a dangerous or hazardous condition and there was sufficient lighting on the landing where plaintiff's accident had occurred. The jury, by special verdict, found that the black area on the landing did constitute a dangerous condition and that said condition did constitute a proximate cause of plaintiff's fall. However, in response to the query "Do you find that defendant was negligent in that he knew or should have known of the dangerous condition long enough in advance to have corrected it?", the jurors replied in the negative. Plaintiff moved pursuant to CPLR 4404 for an order granting judgment in her favor or, in the alternative, setting aside the verdict of the jury as being contrary to the weight of the evidence. The motion was denied by order dated May 10, 1982. The instant appeal is taken from the aforesaid order as well as from the judgment entered in favor of defendant on June 7, 1982. In our view, the issue of notice was improperly submitted to the jury in light of defendant's unequivocal admission that he had knowledge of the fact that there existed a section of the first floor landing where the tiles had been replaced by a black substance. The key issue for resolution should have been whether defendant landlord could reasonably have foreseen danger to persons using the stairway. As the court specifically instructed the jury: "If you find that a reasonably prudent person would not have anticipated danger to persons using the landing in the condition that you find it was, you will find that there was no condition of danger and your verdict will be for the defendant. If you find that a reasonably prudent person would have antici-

pated danger to persons using the landing in the condition that you find it was, you will find that there was a condition of danger, in which case you will then consider whether the defendant was negligent." A landlord of a multiple dwelling unit is duty bound to keep the premises in good repair (Multiple Dwelling Law, § 78, subd 1). The charge as rendered properly reflected the principle that a landlord is not an insurer and is not required to render the leased premises absolutely safe for any purpose for which they might possibly be used. Rather, a landlord is required only to make the premises reasonably safe for the purposes for which they were intended to be used or for a purpose which he should reasonably anticipate (*Collins v Noss,* 258 App Div 101, affd 283 NY 595). Notwithstanding the propriety of the court's charge, the third interrogatory submitted to the jurors improperly focused upon defendant's knowledge of the dangerous condition. While this in itself would not constitute reversible error, particularly in view of plaintiff's failure to have raised a timely objection at trial, the jurors' negative response to the third interrogatory was clearly against the weight of the credible evidence. Although the jurors found the subject location to constitute a dangerous condition, they ignored defendant's admission regarding his knowledge of said condition. Moreover, the key element of foreseeability was omitted from the verdict sheet. In view of the inadequacy of the verdict form and the inconsistency between the jurors' conclusion and the credible evidence, we deem a new trial to be warranted. Accordingly, the judgment in favor of defendant is reversed and the matter is remitted to the Supreme Court, Queens County, for a new trial in accordance herewith. We have considered plaintiff's remaining contentions and find them to be without merit. Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.